



FILED
CLERK, U.S. DISTRICT COURT
DEC 24 2003
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

DEBRA W. YANG
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
KATHERINE M. HIKIDA
Assistant United States Attorney
Cal. Bar No. 153268
300 North Los Angeles Street
Room 7516, Federal Building
Los Angeles, California 90012
Telephone: (213) 894-2285
Facsimile: (213) 894-7819

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

Attorneys for Federal Defendant
JOHN E. POTTER, Postmaster General
of the United States

LODGED
CLERK, U.S. DISTRICT COURT
DEC 15 2003
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DENISE HAMPTON-GRAY,<br>Plaintiff,<br>v.<br>JOHN POTTER, Postmaster General of the United States,<br>Defendant. | NO. CV 98-3194-RSWL(RZx)<br>DEFENDANT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW [~~PROPOSED~~]<br>Trial Date: December 9, 2003<br>Time: 9:00 a.m.<br>Before the Honorable Ronald S.W. Lew |

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

ENTERED
CLERK, U.S. DISTRICT COURT
DEC 29 2003
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

DEC 29 2003

187

The issue of liability was tried on December 9, 2003, before Ronald S.W. Lew, United States District Judge. Appearances were: For plaintiff, Denise Hampton-Gray in pro per. For defendant, Debra W. Yang, United States Attorney, Leon W. Weidman, Assistant United States Attorney, Chief, Civil Division by Katherine M. Hikida, Assistant United States Attorney.

Having heard the testimony of plaintiff and her witnesses, having studied the documentary evidence, and having given the matter due consideration, the Court renders judgment on the merits against plaintiff pursuant to Fed.R.Civ.P. 52(c) and makes the following findings of fact and conclusions of law:

FINDINGS OF FACT

1. Plaintiff Denise Hampton-Gray, a former United States Postal Service ("Postal Service") employee, brought the instant action against the Postmaster General in his official capacity for sex, race/color and disability discrimination, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. See Pl.'s Third Amended Compl.

2. Defendant filed a summary judgment motion on July 19, 2002, with respect to all of plaintiff's claims.

3. On August 21, 2002, this Court granted the motion with respect to plaintiff's gender discrimination, disability discrimination, and retaliation claims.

4. However, the Court denied the summary judgment motion with respect to plaintiff's race discrimination claim that she was not allowed to bid on the window clerk relief position at the University/Harvest Station.

5. Thus, the remaining race discrimination claim, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., was litigated at a court trial.

6. In its August 21, 2002 Order, the Court ordered that because plaintiff admitted that the "Pass Program" allegation was irrelevant to her Third Amended Complaint, that allegation was stricken. See Court's Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment filed August 21, 2002.

7. Plaintiff, therefore, cannot seek to recover for the "Pass Program" allegation.

8. Plaintiff was employed by the Postal Service as a window clerk. See Pl.'s Third Amended Compl. at 2, ¶ 5.

9. In her race discrimination claim, plaintiff alleges that she was not allowed to bid on an available window clerk relief position at University Station, whereas white employees were allowed to bid and were given the position. See Third Amended Compl. at 5, ¶ 17.

10. At the time of her May 1994 bid, plaintiff held a limited duty job position as a window clerk at Harvest Station, Irvine Post Office, Santa Ana District.

11. At the time of her May 1994 bid, plaintiff had a temporary limited duty restriction that her maximum workday was four hours.

12. At the time of her May 1994 bid, plaintiff's salary level as a window clerk was "PS 5" since January 22, 1994.

13. On May 6, 1994, the Postal Service posted a "Notice Of Vacancy In Assignment" for the full-time position of "Window Clerk, Relief - University and Harvest Station."

14. The bid notice required that a bidder "must meet or must have met the competitive requirements for assignment to window clerk position" (the "vacancy").

15. The duty hours for this bid position were from 9:00 a.m. to 5:50 p.m. (half-hour lunch).

16. The salary level for the bid position was "PS 5."

17. Plaintiff submitted a timely bid for the vacancy.

18. The bid position required that plaintiff be medically cleared to return to an eight-hour day within six months, and plaintiff bid on that full-time, 8-hour-per-day position.

19. Plaintiff could not work eight hours per day at the time of her bid because of her medical restriction.

20. As of May 1995, more than one year after plaintiff's submission of her bid request, plaintiff had not been cleared to work an eight-hour work day and remained on limited duty for the duration of her Postal Service employment.

21. Plaintiff never worked eight hours per day from the date she submitted her bid for the window clerk relief position through the duration of her Postal Service employment.

22. Plaintiff was never cleared by her psychologist to work eight hours per day from the date she submitted her bid for the window clerk relief position through the duration of her Postal Service employment.

23. Accordingly, plaintiff was not qualified for the position.

24. Defendant is not liable to plaintiff in this action.

25. To the extent that these findings of fact may also contain conclusions of law they should be deemed incorporated within the following Conclusions of Law.

CONCLUSIONS OF LAW

1. Plaintiff must carry the initial burden of proof by establishing a prima facie case of discrimination. St. Mary's Honor Center, et al., v. Hicks, 509 U.S. 502, 125 L.Ed.2d 407, 417 (1993); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

2. The Supreme Court in McDonnell Douglas held:

> The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination. This may be done by showing (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

McDonnell Douglas, 411 U.S. at 802.

3. To establish a prima facie case for a disparate treatment claim, a plaintiff must show that: (1) she is a member of a protected class, (2) she was subjected to adverse employment

actions, and (3) a similarly situated person who is not a member of the protected class was treated differently. Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 672 (9th Cir. 1988).

4. Plaintiff did not establish a *prima facie* case of discrimination based upon race.

5. Plaintiff was not qualified for the bid position because plaintiff had a medical restriction that she could not work eight hours per day.

6. Plaintiff has failed to establish a prima facie case of race discrimination because she has not shown that she was qualified for the bid position.

7. Plaintiff was not qualified for the bid position because she was medically restricted from working a full-time, eight-hour-per-day schedule, which the bid position required.

8. Plaintiff has failed to establish a prima facie case of race discrimination because she has not shown any adverse employment action.

9. Plaintiff has not presented any evidence that she was denied the bid position because of race discrimination.

10. Plaintiff was not discriminated against by the Postal Service due to her race.

11. Defendant is entitled to judgment on plaintiff's race discrimination claim.

12. Plaintiff has been fully heard on these issues.

13. This Court enters judgment on the merits for defendant pursuant to Fed.R.Civ.P. 52(c) with respect to plaintiff's race

discrimination claim on the ground that the claim cannot be maintained under the controlling law.

14. To the extent that these conclusions of law may also contain findings of fact, they should be deemed incorporated within the foregoing Findings of Fact.

15. Judgment shall be entered in favor of defendant, dismissing plaintiff's action.

Dated: December 24, 2003.

RONALD S.W. LEW

UNITED STATES DISTRICT JUDGE

Presented by:

DEBRA W. YANG
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

Katherine M. Hikida

KATHERINE M. HIKIDA
Assistant United States Attorney

Attorneys for Federal Defendant
JOHN E. POTTER, POSTMASTER GENERAL



SCANNED

PROOF OF SERVICE BY MAIL

I am over the age of 18 and not a party to the within action. I am employed by the Office of United States Attorney, Central District of California. My business address is 300 North Los Angeles St., Ste. 7516, Los Angeles, CA 90012. On December 15, 2003, I served a copy of: DEFENDANT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW [PROPOSED] on each person or entity named below by enclosing a copy in an envelope addressed as shown and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices. I am readily familiar with the practice of this office for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Date of mailing: December 15, 2003. Place of mailing: Los Angeles, California. Person(s) and/or Entity(s) to Whom mailed:

**Denise Hampton-Gray**
**P. O. Box 3071**
**Covina, CA 91722**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose directions the service was made. Executed on: December 15, 2003, Los Angeles, California.

MARGARET BARCELA